LOTTINGER, Judge.
This is an appeal by Cynthia Kaye Everett Bonaventure, appellant-defendant in rule, from a judgment of the trial court making absolute the rule for change of custody filed by Billy Everett, appellee-plaintiff in rule, changing the custody of the minor Daniel Everett from the mother Cynthia Kaye Everett Bonaventure to Billy Everett. Cynthia Kaye and Billy Joe Everett were divorced on October 14, 1977, in Galveston County, Texas, and Cynthia Kaye Everett was awarded the custody of the minor child Daniel, born May 16, 1973, subject to the father’s rights of visitation. The judgment of the Texas court was recognized and granted full faith and credit by *1269 judgment of the trial court on August 29, 1979, at which time the visitation rights granted to the father were amended.
In determining that custody should be changed from the mother to the father, the trial judge in his oral reasons for judgment said:
“Now, let’s get to the issue of custody which is, of course, the most difficult matters which this court is called upon to pass upon. It is, of course, well-established that the sole criteria in cases of this type is the best interest of the child. Based upon the court’s evaluation of all of the surrounding facts and circumstances, giving due weight to certain factors, but without being bound exclusively by any of them, the record shows here, as I have previously mentioned, that Mr. Everett’s visitation has been largely thwarted since Easter of 1981. Even his efforts to communicate with the child. The record otherwise shows that since the divorce of these parties in Texas, Mrs. Everett moved to Louisiana, to Baton Rouge. There have been at least two prior proceedings filed in which, first, Mr. Everett filed proceedings in Louisiana to have his visitation rights fixed and established and recognized as had been previously fixed by the Texas court. That was done. Thereafter there was a further hearing in which the visitation rights were more fully delineated, and there is this present hearing in which the question of visitation rights is again before the court.
“After coming to Louisiana, Mrs. Bonaventure, the former Mrs. Everett, contracted a marriage with Mr. Bonaventure, and lived briefly in Pointe Coupee Parish with him, and came back to Baton Rouge. She is now living here in this parish again with this child and two children of a prior marriage. She has not remarried. She seems to have carved out a relatively stable life for herself. The child seems to be doing well in school. He seems to be otherwise well-adjusted. He seems to be a fine young man.
“Mr. Everett has likewise remarried. He has a stable home at this point. He and his wife have a child. There are other children in the home of a prior marriage of his and of a prior marriage of his wife. They also have an infant in their home at this time who was placed there by a protective agency. The child of one of the present Mrs. Everett’s relatives who was killed. They, too, have, to my mind, developed an extremely stable, happy relationship with each other. Members of the family seem to be getting along well. “The biggest problem which has existed in this ease, as the court sees it, is the visitation problem. This young [Daniel Lee Everett] man testified as a witness. He loves both of his parents very deeply. I think that he understands that if his parents didn’t love him this proceeding wouldn’t be going forward. He can adjust to whatever the court might do, although he has stated at this time a preference to reside and continue with the mother. That can be taken into consideration but it is not binding upon the court. Both parents, the custodial parent and the noncustodial parent, had the right to have a situation exist in which the child is capable of developing a reasonable good relationship with both parents. The parents have their right and so does the child. The child has the right to know and love and have the benefit and the guidance and affection and love of both parents. Visitation is not only something that the parent is entitle to, it is something that is likewise in the best interest of the child. Taking into account the very serious problems which have heretofore existed in this case with respect to visitation, the effort to almost completely thwart any visitation or contact; taking into account the fact that this young man is eight years old and 'may very well thrive from having a home in which a male figure can give him guidance, as well as a female in the home, although not a mother; taking into account the totality of the evidence that the court has heard in this case today, the court believes that it is in the best interest of this child that the custody be awarded to the *1270 father, subject to reasonable rights of visitation on the part of the mother.”
In appealing Mrs. Bonaventure basically contends that the trial judge abused his discretion in changing custody and went against the best interest of the child. In addition appellant contends that the trial judge failed to consider the prior custody judgment as well as giving too much weight to appellant’s contempt of court. Lastly it is argued that a tape recorded telephone conversation introduced by plaintiff-appellee was in error because it was obvious that the tape had been tampered with.
A complete recitation of all of the facts is not necessary for a resolution of this appeal. We are convinced after a thorough study of the record that the trial judge has not abused his discretion. It is clearly evident from the record that Mrs. Bonaventure openly and with full knowledge curtailed the visitation of the father with his child. We are of the opinion that the trial judge was eminently correct in changing custody from the mother to the father, and that decision of the trial judge was based on all of the evidence presented, and not merely Mrs. Bonaventure’s obvious contempt of the previous visitation orders.
We have listened to the tape recording and do not agree that there is any evidence to indicate that same had been tampered with.
Therefore, for the above and foregoing reasons, the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.